**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62313-CIV-KUNTZ**

**JAVIER ALEJANDRO MONAGAS CABRERA**,

Plaintiff,

v.

**WARDEN**, Broward Transitional Center, *et al.*,

Defendants.
_____________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court on the Petitioner Javier Alejandro Monagas Cabrera's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF 1]. Petitioner, a native and citizen of Venezuela, entered the country on January 21, 2023, and was paroled into the United States. *Id.* at 1. His parole expired on January 19, 2025. *Id.* Petitioner has also benefitted from Temporary Protected Status relief, and his wife has applied for asylum. *Id.* at 2. Immigration and Customs Enforcement detained Petitioner on or about August 3, 2026. *Id.* at 2. Petitioner argues that his detention is unlawful under 8 U.S.C. § 1225(b)(2)(A) because he was detained within the United States, not at the border. *Id.* at 1-2. The Court has reviewed the Petition, Respondent's Response, and Petitioner's subsequent Reply.

In his Reply, Petitioner narrowed the scope of his request. First, Petitioner made it clear that he seeks an order similar to a declaratory judgment that he is detained pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2) [ECF 7 at 6]. Second, Petitioner seeks to dismiss all parties aside from the Warden of the Broward Transitional Center. *Id.* Accordingly, those parties will be dismissed, and this order will look to what provision governs Petitioner's detention.

**PETITIONER IS DETAINED UNDER 8 U.S.C. § 1225**

8 U.S.C. § 1225(b)(2) applies to "alien[s] seeking admission" and requires detention. *See* 8 U.S.C. § 1225(b)(2)(A). That section defines "applicants for admission" as "[a]n alien present in the United States who has not been admitted or who arrived in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)[.]" 8 U.S.C. § 1225(a)(1). The Eleventh Circuit closely inspected this provision earlier this year in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*. 175 F.4th 1258 (11th Cir. 2026).

In that case, the petitioners had entered the country without inspection and were subsequently detained at a traffic stop. *Hernandez Alvarez*, 175 F.4th at 1262. The Eleventh Circuit made it clear that, although unlawful presence in the country makes an alien an "applicant for admission," this does not automatically mean the alien is "seeking admission." *Id.* at 1267-68. For an alien to be "seeking admission" requires the alien to be "seeking lawful entry after inspection and authorization by an immigration officer[.]" *Id.* at 1269. Because of this, the petitioners in that case were not "seeking admission" as defined in § 1225, and thus § 1226 applied. *Id.* at 1263-64.

Here, both parties agree that Petitioner was physically present in the country and that his lawful status expired, thereby making him an "applicant for admission." The remaining question is whether he is "seeking admission" under *Hernandez Alvarez*.

Petitioner was paroled into the country following his physical arrival [ECF 1 at 1]. That parole – the Venezuelan Humanitarian Parole – was issued under 8 U.S.C. § 1182(d)(5). This section provides that, when the parole ends, parolees are returned to the status they held before the parole. 8 U.S.C. § 1182(d)(5)(A); *see also* 8 C.F.R. § 212.5(e)(2)(i). Thus, our question now

becomes, "was Petitioner seeking lawful entry after inspection and authorization from an immigration officer when he arrived at Miami International Airport on January 21, 2023?"

It is clear that Petitioner was seeking lawful entry at that time. Petitioner arrived at the airport and consented to inspection there [ECF 1 at 1, ¶ 1]. Since that day, Petitioner has "pursued immigration relief through lawful channels." *Id.* at 2, ¶ 2.

Therefore, Petitioner's status is that of an arriving alien seeking lawful admission. As the Eleventh Circuit stated in *Hernandez Alvarez*, "§ 1225 applies to arriving aliens seeking entry[.]" 175 F.4th at 1276. Therefore, Petitioner is properly detained pursuant to 8 U.S.C. § 1225. Accordingly, it is hereby

**ORDERED and ADJUDGED** that the Petition [ECF 1] is **DENIED**. The Clerk of Court must **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE** and **ORDERED** in Chambers in Fort Lauderdale, Florida on October 1, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record